**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CLEVELAND ELLISON,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**CAR BRITE AND AUTO ELEGANCE,**  )<br>)<br>**Defendant.**  )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 05-2135-KHV** |

**ORDER**

On February 10, 2005, Cleveland Ellison filed suit in Kansas state court against Car Brite and Auto Elegance ("Car Brite"), alleging that he sustained injury by inhaling fumes from a product which defendant manufactured. On April 7, 2005, defendant removed the case to federal court. That same day, a docket clerk contacted counsel for plaintiff, Stanley Wiles, regarding admission to practice in the District of Kansas. See ***Remark, (docket entry on April 7, 2005). This matter is before the Court on Plaintiff's Objection To Defendants [sic] Notice Of Removal (Doc. #5) filed May 13, 2005, which the Court construes as a motion to remand.

Counsel for plaintiff has not been admitted to practice in this Court. Rule 11, Fed. R. Civ. P., states that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name . . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Furthermore, D. Kan. Rule 5.1(e) requires that

> [a]ttorneys appearing in a state court action removed to this court . . . are not relieved of their obligations to their clients by virtue of removal or transfer. . . . Attorneys not admitted

>    to practice in this Court shall, within 20 days of such removal or transfer, either obtain admission to practice in this Court, if eligible, or associate with an attorney admitted to practice in this Court who shall thereupon move the admission of the attorney not admitted to practice in this Court in accordance with D. Kan. Rule 83.5.4 or move to withdraw in accordance with D. Kan. Rule 83.5.5.

Through a docket clerk, the Court told plaintiff's counsel how to be admitted to practice before this Court. Counsel has not complied, however, with Fed. R. Civ. P. 11(a) and D. Kan. Rule 5.1(e). Therefore plaintiff's motion is procedurally defective. Plaintiff may cure this defect by having an attorney who is admitted to practice in this Court endorse his objection to the notice of removal no later than **July 20, 2005**. In the alternative, plaintiff's counsel may gain admission to practice in this Court by that date. If plaintiff does not so cure, the Court will strike his objection without further notice.

The Clerk of the Court is directed to mail a copy of this order to plaintiff and to counsel for plaintiff.

Dated this 13th day of July, 2005 at Kansas City, Kansas.

>                                 s/ Kathryn H. Vratil
>                                 KATHRYN H. VRATIL
>                                 United States District Judge